**I**N **T**HE **U**NITED **S**TATES **D**ISTRICT **C**OURT
FOR THE **D**ISTRICT OF **P**UERTO **R**ICO

| UNITED STATES OF AMERICA<br>   Plaintiff,<br><br>             v.<br><br>CARLOS TORRES PAGAN (35) | Criminal no. 09-173 (PAD) |

**Sentencing Memorandum**

To the Honorable Court:

Comes now Mr. Torres-Pagán, and respectfully states and prays as follows:

Mr. Torres-Pagán files this Sentencing Memorandum on his behalf to assist the Court in fashioning the appropriate disposition of his Revocation of his Supervised Release Proceeding pursuant to Rule 32.1(b)(2) of the F.R. Crim. Proc., scheduled for July 28, 2021. (See Docket #4305, #4318). Mr. Torres Pagán will not contest the allegations against him, and asks the Court to revoke the supervised release term to the lower end of the recommended sentencing guidelines. On January 31, 2012, Mr. Torres Pagán was sentenced to a term of 60 months of incarceration, to be followed by a term of supervised release of 8 years, and a $100 mandatory fine. (See Docket Entries #2612, #2616). On July 13, 2016, USPO notified the Court of Mr. Torres Pagan's violation of the conditions of his supervised term. (See Docket Entry #3749) The Court then decided to take no further action pending the state preliminary hearing is addressed. (See Docket Entry #3786) Based on an additional motion filed by USPO informing the Court of an additional violation, which are the underlying facts of case number 18-432 (PAD), the Court issued an arrest warrant for Mr. Torres Pagan. (See Docket Entry #3981). Mr. Torres Pagan has remained detained ever since. Mr. Torres Pagan then pled guilty in case 18-432 PAD, and will be sentenced by this Court at the same time as of this revocation proceeding.

***Determination of the grade of the violation***

In accordance to U.S.S.G. § 7B.1.1, the Court must first determine the grade of the violation of the conditions of supervised release. Accordingly, the United States Sentencing Guidelines recognize that a violation be classified into one of the three grades of violations:

(1) GRADE A VIOLATIONS — conduct constituting (A) a federal, state, or local offense punishable by a term of imprisonment exceeding one year that (i) is a crime of violence, (ii) is a controlled substance offense, or (iii) involves possession of a firearm or destructive device of a type described in 26 U.S.C. § 5845(a); or (B) any other federal, state, or local offense punishable by a term of imprisonment exceeding twenty years;

(2) GRADE B VIOLATIONS — conduct constituting any other federal, state, or local offense punishable by a term of imprisonment exceeding one year;

(3) GRADE C VIOLATIONS — conduct constituting (A) a federal, state, or local offense punishable by a term of imprisonment of one year or less; or (B) a violation of any other condition of supervision.

In case 18-432 (PAD), Mr. Torres-Pagan the parties submitted a Type C plea agreement for consideration of this Court with a sentencing recommendation above the 12-month threshold mentioned above. Additionally, Mr. Torres-Pagan was sentenced a state court proceeding to a period of 5 years of incarceration for violations to the Puerto Rico Vehicles Act. Because both convictions are above the 12-month threshold, the violations before this COurt are Grade A violations under the sentencing guidelines.

*Guideline Range*

According to U.S.S.G. § 7B.1.4, in order to calculate the recommended guideline range, the parties must use the original criminal history category from the underlying criminal conviction. In accordance to the Pre-Sentence Report filed on January 11, 2012, (See Docket Entry #2552, Par. 51) Mr. Torres-Pagán had a Criminal History Category of I. Therefore, the correct guideline range for a Grade A violation with a Category History of I is 12-18 months of incarceration.

*Additional Factors*

Mr. Torres-Pagán comes before this Court admitting the violations against him. As part of the preparation of this case, the undersigned has contacted Mr. Torres-Pagán's consensual partner, Ms. Jennnifer Rivera, who provided the following information. She reports that Mr. Torres Pagán lost his mother at a very young age, and that his father has been absent from his life for a significant portion of his life. He also has no contact with any of his siblings, aunts, uncles or any family member for that matter. As such, it is Ms. Rivera who has solely remained as Mr. Torres-Pagán's support throughout this process.

Ms. Rivera informs that she and Mr. Torres-Pagán have been together for approximately 7 years. Although they have no children on their own, Mr. Torres-Pagán has taken the role of father to Ms. Rivera's child, Miguel, almost immediately. In this role, Jennifer describes him as an excellent father figure, attentive, and very supportive. She recalls fondly the many occasions that the two of them, Miguel and Carlos, competed against one another in various video games. She described him as introspective, quiet, reserved, and very pensive. She also highlighted Carlos' willingness to provide assistance to those that reached out. Ms. Rivera expects that once Mr. Torres-Pagan is released, they can work together in one of the multiple sales ventures (Avon/solar power equipment) that she also works withs. Ms. Rivera also expressed that Mr. Torres-Pagan has expressed interest in receiving an education in HVAC maintenance, and his desire to be designated in an institution in Florida.

Mr. Torres-Pagán requests that the Court revokes 12 months and 1 day of his term of supervised release, which is at the low-end of the applicable sentencing guidelines. This is due to the fact that this is his first revocation proceeding, and more important, it will serve as an appropriate punishment and deterrent. Mr. Torres-Pagán requests that this Court imposes this

term concurrently to the term imposed on 18-432 (ADC), an option for which it has sound discretion to impose a revocation term concurrently. US v. Crudup, 375 F.3d (1st Cir. 2004). The request of a term of concurrency is based on the evidence that concludes that although incarceration serves one of the goals of sentencing, (e.i. - punishment), it is not an efficient mechanism to deter recidivism.[1] One study recognizes that cognitive behavior therapy is a much more productive way to address the attitude of an individual towards criminality, and reduce recidivism rates.[2]

Because there are better ways to address the underlying issues that lead to criminal behaviors, the Court can ensure that Mr. Torres Pagan participates in less restrictive alternatives that are not only more effetive, but more economical. This concurrency will save the government at least $35,000, which is the estimated cost of maintaining a person incarcerated for one year.

**WHEREFORE**, Mr. Torres-Pagán respectfully requests that this Court take note of the current sentencing memorandum and revokes 12 months and one day of the term of supervised release to be served concurrently with the imprisonment term imposed on case number 18-432 (PAD).

**RESPECTFULLY SUBMITTED.**

In San Juan, Puerto Rico, this 19th day of July 2021.

---

[1] Harding, D.J., Morenoff, J.D., Nguyen, A.P. et al. A natural experiment study of the effects of imprisonment on violence in the community. Nat Hum Behav 3, 671–677 (2019)., and Daniel S. Nagin, Francis T. Cullen, and Cheryl Lero Jonson, Imprisonment and Reoffending. Crime and Justice, Vol. 38 (2009)

[2] A Better Path Forward for Criminal Justice, Brookins Institute, available at: https://www.brookings.edu/wp-content/uploads/2021/04/Better-Path-Forward_Brookings-AEI-report.pdf

**I HEREBY CERTIFY**, that on this date the present document has been filed electronically and is available for viewing and downloading from the Court's CFM/ECF system by U.S. Attorney's Office.

*s/ Diego H. Alcalá Laboy*
Diego H. Alcalá Laboy
PO Box 12247
Tel.: (787) 432-4910
USDC-PR No. 300504
dalcala@defensorialegal.com