IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br><br>Plaintiff,<br><br>v.<br><br>**[35] CARLOS TORRES-PAGÁN,**<br><br>Defendant. | **Crim. No. 09-173 (PAD)** |

## UNITED STATES' SENTENCING MEMORANDUM ON REVOCATION PROCEEDINGS

TO THE HONORABLE COURT:

COMES NOW, the United States of America, by and through the undersigned attorney, and very respectfully states and prays as follows:

### I. INTRODUCTION

On January 31, 2012, this Court entered judgment as to defendant Carlos Torres-Pagán ("Torres") for his conviction of violating 21 U.S.C. §§ 841(a)(1) and 860. (ECF No. 2616).[1] Torres was sentenced to 60 months imprisonment to be followed by 8 years of supervised release. (*Id.*).

### II. REVOCATION PROCEEDINGS

On November 18, 2014, Mr. Torres began his 8-year term of supervised release.

On July 13, 2016, the United States Probation Officer ("USPO") filed a motion notifying violations of his supervised release conditions. (ECF No. 3749). The USPO

---

[1] All references to the docket are to the instant case's docket, unless otherwise specified.

1

informed that Mr. Torres had been charged in local courts with offenses regarding false vehicle registration and documents. (*Id*. at 1). Because at the time Mr. Torres was out on bond and awaiting the preliminary for those offenses, the USPO requested that Mr. Torres be allowed to remain under supervised release with the USPO pending the outcome of the preliminary hearing. (*Id*. at 2).

On October 17, 2017, the USPO filed a supplemental motion informing that, in addition to the previously notified offenses for which he was being prosecuted in local courts, on May 10, 2017, Mr. Torres also yielded positive to a controlled substance, to wit: Oxymorphone. (ECF No. 3943 at 1).

On July 5, 2018, the USPO notified additional violations, informing that Mr. Torres had again been charged in local courts with additional offenses. (ECF No. 3980). This time around, he had been charged with firearms violations. (*Id*. at 2).

On July 12, 2018, the USPO notified new federal offenses for which Mr. Torres was being prosecuted by the federal government. (ECF No. 3984). At the time this motion was filed, in criminal case no. 18-432 (PAD), Mr. Torres was charged with one count of being a convicted felon in possession of a firearm. (Cr. 18-432 ECF No. 7). On October 3, 2019, a superseding indictment was returned by the Grand Jury, charging Mr. Torres with three counts, to wit: possession of a firearm in furtherance of a drug trafficking crime, possession with intent to distribute fentanyl, and being a convicted felon in possession of a firearm and ammunition. (Cr. 18-432 ECF No. 70).

On July 9, 2018, an arrest warrant was issued (ECF No. 3982) and an initial

hearing was held on July 12, 2018, resulting in Mr. Torres being ordered temporarily detained. (ECF No. 3987). He waived his right to a preliminary hearing (ECF No. 3991) and Mr. Torres was detained pending the final revocation hearing. (ECF No. 3992).

### III.   PENDING REVOCATION MATTERS

The Final Revocation Hearing is scheduled for July 28, 2021. (ECF No. 4318). Mr. Torres's supervised release term should be revoked. His underlying violations include Grade A and Grade C violations. Based on his Criminal History Category of I — when he was originally sentenced in 2012— the United States Sentencing Commission guidelines imprisonment range is from 12 to 18 months imprisonment.

### IV.   RECOMMENDATION OF THE UNITED STATES

The United States respectfully requests this Honorable Court revoke Mr. Torres's supervised release and sentence him to 18 months of imprisonment. This recommendation is based the following considerations:

Since Mr. Torres commenced his term of supervised release, he has consistently been confronting both the local and federal criminal justice systems. As posited above, Mr. Torres has been charged with a myriad of local offenses. Although not all of the local offenses have resulted in a conviction, it should be noted that for the 2016 offense for illegal commerce of vehicles or parts (Puerto Rico Criminal Case No. DPD2016G0032), a bench trial was held and upon conviction, on June 4, 2019, he was sentenced to five years and a day of imprisonment.[2]

---

[2] The court may take judicial notice of the Presentence Investigation Report ("PSR") prepared in criminal case No. 18-432 (PAD) ECF No. 141 at 10, which informs the Court of this conviction and sentence.

Mr. Torres did not stop there, later in 2018 he committed federal offenses, of which in criminal case no. 18-432 (PAD), he has pleaded guilty to Count 1 (Possession of a Firearm in Furtherance of a Drug Trafficking Crime) and Count 2 (Possession with Intent to Distribute Fentanyl). (Cr. 18-432 ECF No. 126).

These are multiple Grade A violations which show, not only Mr. Torres's complete disregard for the Court's orders, but also a complete disregard for the safety of public at large. Evidently, a sentence at the high-end of the applicable guidelines range is warranted. The government also moves for the Court to order that this sentence be served consecutively to the term of imprisonment that the Court imposes on Mr. Torres in criminal case no. 18-342. Although the Court has discretion to impose that the sentence be served concurrently, the government echoes the United States Sentencing Guidelines Commission's (U.S.S.G.) introductory comment to U.S.S.G. § 7B1.1, which states that "[i]t is the policy of the Commission that the sanction imposed upon revocation is to be served **consecutively** to any other term of imprisonment imposed for any criminal conduct that is the basis of the revocation." (emphasis added). It should be noted that the U.S.S.G. policy in favor of consecutiveness also holds true even with relation to "any sentence of imprisonment that the defendant is serving, whether or not the sentence of imprisonment being served resulted from the conduct that is the basis of the revocation of probation or supervised release." U.S.S.G. § 7B1.3(f). All the more reason for this Court to favor that the sentence on revocation be served consecutively to the sentence to be imposed on the criminal conduct that is, precisely, the bases for the instant revocation.

V.  **CONCLUSION**

Based on the foregoing, the United States respectfully recommends that Mr. Torres's term of supervised release be revoked and that he be imprisoned for a term of 18 months of imprisonment.

Respectfully submitted.

In San Juan, Puerto Rico, this 19th day of July 2021.

        W. STEPHEN MULDROW
        UNITED STATES ATTORNEY

        */s/ Steven Liong-Rodríguez*
        Steven Liong-Rodríguez
        Special Assistant United States Attorney
        USDC No. 303011
        United States Attorney's Office
        Torre Chardón, Suite 1201
        350 Carlos Chardón Ave.
        San Juan, PR 00918
        Tel. (787) 766-5656
        Email: steven.liong-rodriguez@usdoj.gov

**CERTIFICATE OF SERVICE**

I hereby certify that on this same date, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all attorneys of record.

        */s/ Steven Liong-Rodríguez*
        Steven Liong-Rodríguez
        Special Assistant United States Attorney